IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WILLIAMS,<br><br>  Petitioner,<br><br>  v.<br><br>MATTHEW CATE,<br><br>  Respondent. | No. C 12-1355 WHA (PR)<br><br>**ORDER DENYING MOTION TO DISMISS; TO SHOW CAUSE**<br><br>(Docket Nos. 5, 6) |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed this habeas case under 28 U.S.C. 2254. Respondent was ordered to show cause why the petition should not be granted. Respondent has filed a motion to dismiss on statute of limitations grounds. Petitioner opposes respondent's argument in both his petition and in an opposition, and respondent filed a reply brief. For the reasons discussed below, respondent's motion to dismiss is **DENIED,** and respondent is ordered to file an answer responding to the petition.

## STATEMENT

The following facts are not disputed by the parties. In 2007, petitioner was sentenced in Santa Clara County Superior Court to a term of 45 years to life, plus a consecutive term of 12 years, in state prison based upon his conviction for various sexual offenses. The California Court of Appeal affirmed the conviction on October 30, 2008, and on January 28, 2009, the California Supreme Court denied a petition for review.

Under the "mailbox rule" petitioner's state and federal court petitions are deemed filed on the date they are signed, which is when they are presumably given to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, (1988); *Anthony v. Cambra*, 236 F.3d 569, 575 (9th Cir. 2000). Consequently, throughout this order petitioner's state and federal court petitions are described as filed on the date that they were signed.

Petitioner filed his first habeas petition in the Santa Clara County Superior Court on March 11, 2010, and it was denied three months later on June 11, 2010. He then filed a habeas petition in the California Court of Appeal on June 24, 2010, and it was denied on August 17, 2010.

Ten days later, on August 27, 2010, petitioner filed a habeas petition in federal court. *See Williams v. Cate*, No. C 10-4277 WHA (PR). Respondent moved to dismiss the petition because it contained both exhausted and unexhausted claims. In his response to the motion, petitioner requested a stay while he exhausted his unexhausted claims in the state court. On June 16, 2011, the motion to dismiss was granted, and the request for a stay was denied because petitioner did not show good cause for not exhausting his claims earlier. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner was given the option of either deleting the unexhausted claims or dismissing the case without prejudice. Petitioner did not elect between the two options and, as he had been cautioned, the case was dismissed without prejudice on August 11, 2011. He second federal habeas petition, on October 15, 2011 (Case No. C 11-5208 WHA (PR)), that set forth only his one exhausted claim. That petition was dismissed without prejudice on December 20, 2011, due to petitioner's failure to pay the filing fee or file a timely in forma pauperis ("IFP") application.

On October 25, 2011, petitioner filed a habeas petition in the California Supreme Court, and it was denied on March 21, 2012. In the meantime, on March 1, 2012, petitioner filed the instant federal petition.

**ANALYSIS**

Respondent contends that the petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24,

2

1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. 2244(d)(1).

The parties agree that the applicable provision of section 2244(d)(1) in this case is subsection (A), such that the limitations period began to run when the time for seeking direct review expired. The California Supreme Court denied the petition for direct review on January 28, 2009. Petitioner then had ninety days, or until April 28, 2009, in which to file a petition for a writ of certiorari in the United States Supreme Court. Although he did not file such a petition, that is the date the time for seeking direct review expired under Section 2244(d)(1)(A), and therefore the date the one-year limitations period started. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Absent tolling, the limitations period would expire one year later, on April 28, 2010.

The one-year statute of limitations in AEDPA is tolled under Section 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. 2244(d)(2)). The limitations period was tolled on March 11, 2010, when petitioner filing his first state habeas petition in Santa Clara County Superior Court, at which time it had run for 316 days and 49 days remained. The question is how long the limitations period was tolled under Section 2244(d)(2). Under Section 2244(d)(2), the limitations period is tolled not only while the petition is actually pending in the state court, but also during time gap between a lower state court's decision denying a habeas

petition and the filing of a new petition in a higher court, as long as the petitioner did not "unreasonably delay" in seeking review in the higher court. *Carey v. Saffold*, 536 U.S. 214, 221-23 (2002); *accord Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Tolling continued in this case, therefore, during the short gap between the denial of the petition by the superior court on June 11, 2010, and filing a new petition in the California Court of Appeal thirteen days later, because there was no unreasonable delay. Tolling continued at least until the California Court of Appeal denied the petition on August 17, 2010.

Over 14 months elapsed before petitioner filed his next state habeas petition in the California Supreme Court on October 25, 2011. The question is whether the state courts would consider such a delay reasonable. This issue is dispositive because if the delay was reasonable, then the limitations period would be tolled under Section 2244(d)(2) during the 14-month gap as well as while the petition was pending in the California Supreme Court, or until March 21, 2012. This would render the instant petition, filed 20 days earlier, timely. If a state court clearly rules that a petitioner's delay was "unreasonable," that answers the question and gap tolling is not available. *Carey*, 536 U.S. at 226. Here, the California Supreme Court did not clearly indicate whether or not the petition was timely, and thus did not clearly find the 14-month delay unreasonable. This does not automatically mean that the petition was timely or that the delay was reasonable either, however. *See Evans v. Chavis*, 546 U.S. 189, 194-95 (2006). Rather, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" *Id.* at 195.

Noting that six months is far longer than the 30 to 60 days that most states provide for filing an appeal, the Supreme Court in *Evans* held that an unjustified or unexplained 6-month delay between post-conviction applications in California is not "reasonable" and does not fall within *Carey's* definition of the term "pending." *Id.* at 201. If a six-month delay would not be considered reasonable under California law, a 14-month delay certainly would not either. *See also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding 91 and 81 days delay between state habeas petitions was "unreasonable" with no indications from the California

4

courts to the contrary); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 n.1 (9th Cir. 2010) (per curiam) (unexplained, and hence unjustified, delays of 115 and 101 days between California habeas petitions were not reasonable); *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (finding delay of 146 days between successive petitions not reasonable, so later petition not "timely filed"); *Waldrip v. Hall*, 548 F.3d 729, 735-36 (9th Cir. 2008) (holding delay of at least eight months not "reasonable" and thus not subject to tolling); *Gaston v. Palmer*, 447 F.3d 1163, 1167 (9th Cir. 2006) (finding no "gap tolling" during delays of 10, 15 and 18 months between California habeas petitions). Consequently, there is no gap tolling of the limitations period under Section 2244(d)(2) during the 14-month interval between the habeas petitions in the California Court of Appeal and the California Supreme Court. Tolling under Section 2244(d)(2) ended, therefore, when the California Court of Appeal denied the petition on August 17, 2010. As there were only 49 days left of the limitations period at that point, the limitations period would expire on October 5, 2010, absent further tolling.

Petitioner argues that he is entitled to equitable tolling. The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005)). The prisoner also must show that the extraordinary circumstances "were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

There is no question that petitioner has been pursuing his rights diligently. Each time a petition was denied, he promptly filed a new petition, albeit not always in the proper place. After the superior court denied his petition, he filed a petition in the state appellate court 13 days later. After that petition was denied, he filed his first federal petition only 10 days later. When the federal petition was dismissed, he could not proceed immediately because the inmate who had been litigating for him was placed on lock-down and petitioner did not have access to his habeas records (Opp. Ex. E). He did, however, quickly (on August 23, 2011, eight days

5

after the habeas petition was dismissed) wrote to the clerk requesting copies of his federal habeas materials (*ibid.*). The procedure for obtaining such records from the court took several weeks, but as soon as he received them, he sent his habeas petition to the California Supreme Court (it was originally received on October 7, 2011) (Opp. Ex. F). He simultaneously attempted to preserve his federal habeas remedy by filing a second federal habeas petition, on October 15, 2011 (Case No. C 11-5208 WHA (PR)), that set forth only his one exhausted claim (Opp. Ex. G). That petition was dismissed without prejudice on December 20, 2011, due to petitioner's failure to pay the filing fee or file a timely in forma pauperis ("IFP") application (Opp. Ex. H). It appears that petitioner did submit certain IFP forms on November 18, 2012, that would have been timely, but they were filed in his previous case (No. C 10-4277 WHA (PR) (docket number 18)). Petitioner's receipt of the dismissal order in Case No. 11-5208 WHA (PR) was delayed due to a large-scale transfer of inmates within his prison, but "immediately" after he received it he filed the instant petition on March 1, 2012. In sum, petitioner diligently and consistently pursued his claims and his rights over a period of two years from the time he filed his first state habeas petition within the limitations period to the filing of the instant federal petition.

The issue that remains is why, despite his diligence, the instant petition was not timely filed. As discussed, equitable tolling requires that the reason for untimeliness be an "extraordinary circumstance." *Holland*, 130 S. Ct. at 2562. The petition is not timely here at least partially because petitioner took the wrong procedural step on several critical occasions. First, after the California Court of Appeal denied his habeas petition, he should have filed a habeas petition in the California Supreme Court instead of in federal court. Had he done so, the limitations period would have remained tolled under Section 2244(d)(2) and his federal petition would have been timely (as well as completely exhausted). Later, when respondent's motion to dismiss his first federal petition was granted, he was given the option of pursuing his exhausted claim in federal court by amending his petition. Instead, he allowed his petition to be dismissed and then filed a new federal habeas action with his exhausted claim. It is clear that these mistakes and their associated delays are attributable to petitioner's lack of legal expertise in the

6

sometimes complex procedures for federal and state habeas claims, his reliance upon an inmate who was sent to solitary confinement, and his limited English speaking abilities.

Neither the lack of legal expertise nor the unavailability of his inmate helpers on their own constitute extraordinary circumstances that warrant equitable tolling on their own. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (lack of legal expertise not enough on its own to warrant equitable tolling)*; Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's pro se status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life"). Here, however, petitioner also has limited English language ability, as he is from Sierra Leone, which made it more difficult to understand the intricacies of federal and state habeas procedures. *See Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (equitable tolling could be available where petitioner lacked "English language ability," access to Spanish-language legal materials, or assistance of a translator, and he acted with due diligence). This made it necessary for him to rely upon other inmates to pursue his claims, and therefore be subject to their missteps and unavailability.

In addition, a substantial portion of the delay can be attributed to the court and/or prison officials. Petitioner's first federal habeas petition was pending for nearly a year before it was dismissed without prejudice. At the time he filed that petition, he had approximately 42 days left of his limitations period. Had the federal petition been resolved more expeditiously, petitioner could have proceeded to the California Supreme Court and then returned to federal court before the limitations period expired. After the federal petition was dismissed, he had to wait several weeks to receive copies of the federal court records. The dismissal of his second federal petition was at least partially caused by either the court filing certain IFP forms in the wrong case or by prison officials' failure to clearly indicate the case in which they should be filed. Further delays occurred in his receipt of the dismissal of his second federal petition when prison officials moved him and other inmates around within his prison.

In light of petitioner's unusual diligence in pursuing his claims, his limited English

7

language ability, the time it took for the federal court to resolve and process his prior federal petitions, and other circumstances caused by prison officials' actions that delayed petitioner's filing of the instant federal petition, petitioner is entitled to equitable tolling of the limitations period, at least from the time that time that the California Court of Appeal denied his habeas petition to the time the instant petition was filed. Consequently, the instant petition is timely. In light of this conclusion, petitioner's alternate argument that the untimeliness of his petition should be excused based upon his "actual innocence" of the underlying charges need not be reached.

## CONCLUSION

Respondent's motion to dismiss (dkt. 5) is **DENIED**. The motion to file a brief with excessive pages (dkt. 6) is **GRANTED**.

Respondent shall file with the court and serve on petitioner, within ninety-one days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight days of the date the answer is filed.

**IT IS SO ORDERED.**

Dated: December 5, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\WILLIAMS1355.MTDSOL.wpd

8